**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7              IN THE UNITED STATES DISTRICT COURT

8          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9                    SAN JOSE DIVISION

10   TRENT WEST,                          CASE NO. 5:10-CV-03124-EJD

11        Plaintiff / Counter-defendant,   **ORDER VACATING ORDER STRIKING
                                            PLAINTIFF'S OPPOSITION**
      v.
12
     QUALITY GOLD, INC.,
13                                          Re: Docket Item Nos. 96, 97
          Defendant / Counter-claimant,
14
     AND RELATED COUNTERCLAIMS
15   _____/

16        Plaintiff Trent West ("West") seeks leave to file a motion for reconsideration of yesterday's

17   order striking his opposition to the summary judgment motion brought by third-party Defendant

18   Jewelry Innovations, Inc. ("JII") for failure to meet the deadline set by Civil L.R. 7-3(a).

19

20        I. BACKGROUND

21        On November 23, 2011, JII requested leave to file under seal a motion for summary

22   judgment.[1] ECF No. 81. On December 6, the court granted that request. ECF No. 82. On December

23   9, JII filed its motion under seal, mailed a paper copy to West, and filed a certificate of service with

24   the court referencing the paper mailing. ECF Nos. 83, 85.

25   _____

26        [1] For the sake of clarity, all mentions of "requests" or "applications" refer to administrative
     motions brought under Civil L.R. 7-11, while "motions" refer to noticed motions brought under
27   Civil L.R. 7-2. Furthermore, even though the motion practice was executed by attorneys, the
     atttorneys' actions are ascribed to the parties they represent to avoid the constant use of
28   constructions like "West's lawyer" or "counsel for JII."

                                            1
     CASE NO. 5:10-CV-03124-EJD
     ORDER VACATING ORDER STRIKING PLAINTIFF'S OPPOSITION

United States District Court

For the Northern District of California

1    On December 27, West filed and served a request to file under seal its opposition to JII's

2  summary judgment motion. ECF No. 93. On January 3, 2012, Defendant Quality Gold, Inc. ("QGI")

3  opposed West's request on the grounds that West's opposition to JII's motion was late. ECF No. 95.

4  On January 10, on the basis of the above facts, the court struck West's opposition and terminated its

5  application to file that opposition under seal as moot. ECF No. 96.

6    On the instant request for leave to file a motion for reconsideration of the order striking

7  West's opposition, it is apparent that JII failed to attach a copy of its summary judgment motion

8  when it served Plaintiff with its application to file the motion under seal, in violation of Civil L.R.

9  79-5 and 7-11 and General Order 62. King Decl. Ex. A, Jan 10, 2012, ECF No. 98. On December 9,

10  the same day it filed and mailed the summary judgment motion, JII also e-mailed West the motion in

11  an attempt to rectify its earlier failure. Id. In that e-mail, JII expressed its belief that by sending the

12  document electronically it had fulfilled its service responsibilities and that West's time had begun to

13  run. Id.

14

15    II. DISCUSSION

16    As a preliminary matter, West contends that the court erred by failing to afford him the

17  opportunity to file a reply in support of his December 27 application to file its opposition under seal.

18  The local rules do not authorize replies in support of administrative motions. See Civil L.R. 7-

19  11(b)–(c). Moreover, the court may strike late filings on its own.

20    Civil L.R. 7-3(a) provides that any opposition to a motion must be brought "not more than 14

21  days after the motion is served and filed." Had JII followed the procedures established by General

22  Order 62, it would have served its summary judgment motion on November 23, and West's

23  fourteen-day clock would have started upon the motion's filing on December 9. Instead, according

24  to an e-mail first presented to the court yesterday, JII apparently first delivered the motion to West

25  by e-mail on December 9.[2]

26    Civil L.R 5-6 requires that any paper required to be served must be accompanied by a

27

28
_____
    [2] Service of motion papers by e-mail is allowed by Civil L.R. 5-5(a)(1).

2

CASE NO. 5:10-CV-03124-EJD
ORDER VACATING ORDER STRIKING PLAINTIFF'S OPPOSITION

United States District Court

For the Northern District of California

1   certificate of service stating the date and manner of service.[3] JII did not file a certificate of service

2   simultaneously with its November 23 application to file its motion under seal; it is now clear that

3   this is because it did not successfully complete service. The certificate of service it eventually filed

4   along with the summary judgment motion indicated that it sent the motion to West by mail on

5   December 9. West seeks to invoke Fed. R. Civ. P. 6(d), which adds three days to the time period to

6   respond to a motion served by mail or e-mail.

7        General Order 45.IX, however, provides that service is effective upon receipt of the e-mail

8   generated by the court's Electronic Case Filing system. The question of whether Rule 6(d) adds

9   three days to the time to respond notwithstanding General Order 45 need not be reached here

10  because the General Order plainly contemplates that the party would have immediate access to the

11  document on ECF. Where, as here, the document is filed under seal, the only copy of the document

12  the receiving party can read is the one that the moving party serves on it. The private transmission of

13  that document by mail or e-mail does trigger Rule 6(d).

14       In opposing West's purportedly late brief, QGI complains that allowing late filings is

15  "prejudicial to those who follow the rules." But West did follow the rules; moreover, it appears that

16  QGI could have taken the extra three days also.

17       Rather than granting the instant application for leave to file a motion for reconsideration, the

18  court will save all parties the trouble and vacate its earlier order improvidently striking West's

19  opposition.

20  /

21  /

22  /

23  /

24  /

25  /

26  /

27

28

---

[3] Alternatively, the receiving party may acknowledge service.

3

CASE NO. 5:10-CV-03124-EJD
ORDER VACATING ORDER STRIKING PLAINTIFF'S OPPOSITION

III. CONCLUSION

The court struck West's reply because no objection was made to JII's failure to serve a copy of its summary judgment motion along with its application to file that motion under seal. Hearing no objection, the court could only conclude that the document was properly delivered. Deeming West's present objection to be timely, the court VACATES its order striking the opposition and REINSTATES West's request to file that opposition under seal.

**IT IS SO ORDERED.**

Dated: January 11, 2012

EDWARD J. DAVILA
United States District Judge

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

CASE NO. 5:10-CV-03124-EJD
ORDER VACATING ORDER STRIKING PLAINTIFF'S OPPOSITION