**United States District Court**
For the Northern District of California

1

2                                               **\*E-FILED:  June 14, 2012\***

3

4

5

6

7                               NOT FOR CITATION

8                   IN THE UNITED STATES DISTRICT COURT

9               FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                          SAN JOSE DIVISION

11   TRENT WEST,                                No. C10-03124 EJD (HRL)

12           Plaintiff,                         **ORDER RE DISCOVERY DISPUTE**
                                                **JOINT REPORT #1**
13     v.
                                                **[Re:   Docket Nos. 122, 128]**
14   QUALITY GOLD, INC.,

15           Defendant.
                                            /
16

17          Trent West sues for alleged patent infringement in connection with the sale of jewelry

18   finger rings by Quality Gold, Inc. (Quality Gold).  Presently before this court is the parties'

19   Discovery Dispute Joint Report (DDJR) #1.  As discussed more fully below, the word "Joint" is

20   a misnomer here because, contrary to this court's Standing Order re Civil Discovery Disputes,

21   each party has submitted separate reports.  The matter is deemed appropriate for determination

22   without oral argument.  CIV. L.R. 7-1(b).  Having considered the parties' respective positions,

23   the court rules as follows:

24   A.     Plaintiff's DDJR #1

25          The sole issue presented by plaintiff's report is this:  West says that Quality Gold agreed

26   to produce additional documents and supplemental interrogatory answers by April 6, 2012, but

27   failed to do so and reportedly would not commit to any date by which it would provide that

28   further discovery.  Much of the discovery in question appears to concern the accused rings (e.g.,

United States District Court

For the Northern District of California

1    manufacturing processes, material composition, specifications, and other such information).

2    Citing national and international document collection efforts, review, and translation, Quality

3    Gold says that it was overly optimistic about the targeted production date.  Defendant also

4    believes that West could get many of the documents and information he seeks, with less burden,

5    directly from third parties.  Defendant nevertheless acknowledges that it has never refused to

6    produce the requested discovery.  Claiming that it has diligently proceeded with a rolling

7    production of documents and that it will supplement its interrogatory answers once that

8    production is complete, Quality Gold argues that plaintiff's request for an order compelling the

9    further discovery in question is premature.  Alternatively, Quality Gold contends that plaintiff

10   should be ordered to seek the requested information directly from third parties.

11       This seems to be a situation where the parties might have reasonably agreed to a

12   modified production date, and avoided the need for judicial intervention, if Quality Gold was

13   experiencing logistical or practical difficulties in meeting the original deadline.  In any event,

14   this court is told that fact discovery will close in less than two months, and the parties

15   apparently have been discussing defendant's responses to the requests at issue for the better part

16   of a year.  Without more information from Quality Gold as to why it cannot reasonably

17   complete its document production within three months from the original target date, this court

18   will order it to do so.  Accordingly, defendant shall complete its further production of

19   documents and serve its supplemental interrogatory answers by **July 6, 2012**.  West is free to

20   seek discovery from third parties; but, defendant having agreed to proceed with the requested

21   discovery, this court will not order him to do so.

22   B.    Defendant's DDJR

23       As noted above, the parties filed separate reports.  Quality Gold says that, although the

24   parties were working on a joint report, West unilaterally filed his report less than an hour after

25   defendant provided its draft version for his review.  Defendant then opted to submit its most

26   recent version of the would-be joint report in answer to plaintiff's.  According to West,

27   defendant refused to participate in the preparation of a joint report limited to the issue of

28   Quality Gold's supplemental discovery responses and production.  Plaintiff says that defendant

2

United States District Court

For the Northern District of California

1  instead tried to address separate discovery matters that had not been discussed by lead counsel

2  in an in-person meeting, as required by the undersigned's standing order.  And, indeed, Quality

3  Gold's version of the would-be joint report complains of alleged deficiencies in plaintiff's

4  discovery responses about third party licensing or royalty agreements—a matter that strikes this

5  court as entirely separate and distinct from the issue raised in plaintiff's report.  Although a

6  joint report may address, at most, a few "inextricably related issues," this court's standing order

7  generally requires that reports deal with only one issue to avoid needless complexity and

8  unwieldiness.  (Standing Order re Civil Discovery Disputes, 2.D.i.).  Defendant says that it filed

9  its version of the report "to ensure that the Court has the opportunity to hear from Quality Gold

10  in this matter . . .."  (Dkt. 128 at 2 n.1).  As such, this court assumes that defendant does not

11  expect this court to rule on the issue of plaintiff's discovery responses now, particularly not

12  without the benefit of plaintiff's position on that matter.  Indeed, this court would not address

13  the merits of that issue now even if that is what defendant wants.

14      Accordingly, that portion of defendant's report is denied without prejudice to renew the

15  matter upon a properly filed DDJR if good faith meet-and-confer negotiations do not resolve the

16  dispute.  As noted above, plaintiff claims that the discovery issue raised by Quality Gold was

17  not discussed in an in-person meeting between lead counsel.  Quality Gold's version of the

18  report seems to suggest otherwise.  On the record presented, it is not clear who is correct on that

19  point.  Suffice to say that this court will not look favorably upon any future DDJR that fails to

20  comply with the undersigned's standing order.

21      SO ORDERED.

22  Dated: June 14, 2012

23  _____

24  HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

25

26

27

28

3

United States District Court

For the Northern District of California

1 | 5:10-cv-03124-EJD Notice has been electronically mailed to:

2 | Ian K. Boyd:   IBoyd@harveysiskind.com,CLee@harveysiskind.com

3 | Robert E. Camors , Jr:
bobcamors@camorslaw.com,bobcamors@gmail.com,nalejandro@mstpartners.com

4 | John Paul Davis:   tpiening@whe-law.com

5 | Blair R Jackson:   blair@invictuspc.com

6 | Edward Vincent King , Jr:  evking@kingandkelleher.com,lana@kingandkelleher.com

7 | Clement H. Luken , Jr:  cluken@whepatent.com

8 | Matthew Alexander Stratton:  mstratton@harveysiskind.com

9 | Dirk van Ausdall:  dvanausdall@kingandkelleher.com

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28